UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HORACE BEAVER, JR.,

                        Plaintiff,

      v.                                              9:17-CV-550
                                                        (MAD/DEP)

DR. DIPPERT, et. al.,

                        Defendants.
_____

APPEARANCES:

HORACE BEAVER, JR.
Plaintiff, pro se
14-B-2131
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Pro se plaintiff Horace Beaver ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Groveland Correctional Facility ("Groveland C.F."). By Decision and Order filed on June 30, 2017 (Dkt. No. 7) (the "June Order"), this Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. On the basis of that review, the Court dismissed the complaint for failure to state a claim upon which relief

could be granted. Dkt. No. 7 at 10. In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint. *See* Dkt. No. 7 at 10. Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 10 ("Am. Compl.").

## II.   LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the June Order and it will not be restated in this Decision and Order. *See* Dkt. No. 7 at 2-4. The Court will construe the allegations in Plaintiff's Amended Complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III.   JUNE ORDER and SUMMARY OF AMENDED COMPLAINT

In the original Complaint, plaintiff alleged that defendants Dr. Dippert ("Dippert"), Dr. Dar ("Dar"), Dr. Moffatia ("Moffatia") and Dr. John Doe ("John Doe") were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *See* Compl, *generally*. In the June Order, the Court dismissed the claims holding that Plaintiff failed to establish that Defendants were personally involved in any constitutional deprivation. *See* Dkt. No. 7 at 5-6. The Court also reasoned that even if Plaintiff had established personal involvement on the part of any defendant, the Eighth Amendment medical indifference claims were subject to dismissal for failure to state a claim. *See id.* at 8-9.

In the Amended Complaint, Plaintiff adds the following new defendants: C.O. Bryant ("Bryant"), Sergeant Cozmac ("Cozmac"), Superintendent Cronin ("Cronin"), and the

Groveland C.F. Medical Department.[1]  *See* Am. Compl. at 1.  The Amended Complaint does not include any claims against Dar, Moffatia, Dr. Dur, or John Doe.[2]

On January 8, 2016, while Plaintiff was walking in front of the officer's desk in Dorm C-3, he slipped and fell due to water on the floor.  Am. Compl. at 4.  Bryant and Cozmac were at the desk at the time Plaintiff fell but were talking and "not paying attention."  *Id.*; Dkt. No. 10-1 at 2.  No "wet floor" or warning signs were posted in the area.  *Id.*  Cozmac sent Plaintiff to the medical department for complaints of pain to his knee.  *Id.*  X-rays were taken.  *Id.*; Dkt. No. 10-1 at 2.

Following the incident, Plaintiff did not receive any further treatment for his knee despite his repeated complaints that his knee was "giving out" due to pain.  Am. Compl. at 6; Dkt. No. 10-1 at 1. Several months later, Plaintiff fell and hit his head on a locker when his knee "gave out."  Am. Compl. at 5.

Plaintiff was transferred to a different facility and filed a grievance asking for an MRI of his knee.[3]  Am. Compl. at 4.  One year later, Plaintiff underwent an MRI that revealed "tears" requiring surgery.  *Id.*; Dkt. No. 10-1 at 2.  Nerve testing also revealed a degenerative disk, a herniated disk, and nerve damage in Plaintiff's right leg.  Dkt. No. 10-1 at 1.

Construed liberally, the Amended Complaint contains the following causes of action: (1) Eighth Amendment condition of confinement and failure to protect claims against Bryant, Cozmac, and Cronin; (2) Eighth Amendment claims against the Groveland C.F. Medical

---

[1] The Clerk of the Court is directed to add these defendants to the docket report for this action.

[2] The Clerk of the Court is directed to dismiss these individuals as defendants herein.

[3] The Amended Complaint does not contain facts indicating when or where Plaintiff was transferred.

3

Department and Dippert; (3) negligence claims; and (4) discrimination/equal protection claims against the Groveland Medical Department and Dippert. *See* Am. Compl. and Dkt. No. 10-1, *generally.* Plaintiff seeks monetary damages. See id. at 5.

## IV. ANALYSIS

### A. Claims Against "Medical Department"

In the Amended Complaint, Plaintiff claims that the Medical Department failed to provide proper medical care and discriminated against defendant due to the nature of his conviction. *See* Am. Compl. at 6; Dkt. No. 10-1 at 3. Plaintiff claims that he was denied any further treatment for his knee complaints, after the day of the incident. *See* Am. Compl. at 6; Dkt. No. 10-1 at 2.

"The word 'person' contained within Section 1983 has been interpreted to mean that a plaintiff cannot seek relief 'directly from the state or one of its agencies without naming a government official as a defendant.' " *Ferguson v. Morgan*, No. 90 CIV. 6318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (citing *Will v. Michigan Dep't of State Police*, 109 S.Ct. 2304, 491 U.S. 58 105 L.Ed.2d 45 (1989)). Here, the use of the term, "medical department" as a name for alleged defendants is not adequate to state a claim against a "person" as required in § 1983 actions. *See Ferguson*, 1991 WL 115759, at *1 ("The allegations plaintiff makes against the Otisville Correctional Facility Medical Staff are not sufficient to state a cause of action."). Accordingly, Plaintiff's claims against the Medical Department at Groveland C.F. are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### B. Eighth Amendment Claims

### 1. Conditions of Confinement and Failure to Protect

Construing the Amended Complaint liberally, plaintiff claims that Bryant and Cozmac violated his Eighth Amendment rights because they were on notice of the dangerous condition of the subject area and failed to protect plaintiff. *See* Am. Compl. at 5.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir. 1981). "To demonstrate that the conditions of his confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996) (citation omitted). The objective factor requires the "court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates the contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."). To meet the subjective factor and constitute deliberate indifference, plaintiff must show that "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Walker*, 717 at 125. "A plaintiff fails to state a valid Eighth Amendment claim when he does not allege that defendant was personally aware of a dangerous condition or that defendant was

5

deliberately indifferent to the alleged conditions." *Porter v. Young*, No. 9:11-CV-0848 (GTS/ATB), 2013 WL 4080602, at *6 (N.D.N.Y. Aug. 13, 2013) (citation omitted).

Here, Plaintiff has failed to satisfy the objective element because, "[c]ourts have regularly held that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Sylla v. City of New York*, No. 04-CV-5692, 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases). With respect to deliberate indifference, Plaintiff must establish more than mere negligence to sustain a claim under § 1983. *See Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) ("a wet floor may pose a substantial risk," but "do[es] not reflect deliberate indifference required to impose liability under the Eighth Amendment"); *see also Johnson v. Smith*, No 03-CV-1050 (LES), 2008 WL 4069458, at *3 (N.D.N.Y. Aug. 27, 2008) (finding that while a "bubbling" condition on the basketball court could create a risk to inmates, the plaintiff failed to establish that the defendant was deliberately indifferent to the risk). Here, Plaintiff has failed to plead facts to suggest that any individual acted with the necessary culpable intent. Plaintiff does not claim that the alleged dangerous condition existed at any other time, that Plaintiff made any individual aware of the condition or his safety concerns, or that any individual failed to take appropriate measures to correct the condition. Accordingly, Plaintiff's Eighth Amendment claims related to the wet floor are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and § 1915(e) for failure to state a claim upon which relief may be granted. *See Spencer v. Warden Sylvester*, No. 96-CV-5491, 1999 WL 61644, at *3 (E.D.N.Y. Feb. 2, 1999) (dismissing Eighth Amendment claim as the plaintiff failed to allege that the defendant was aware of spills on the stairs or that the spills existed at any time other than the day of the incident); *see also Estevez v. City of*

*New York,* 16-CV-0073, 2017 WL 1167379, at *4 (S.D.N.Y. March 28, 2017) (dismissing the plaintiff's Eighth Amendment claim that the defendants were deliberately indifferent because they failed to place shower mats on the wet floor surrounding the shower area).

While Plaintiff also alleges that defendants were negligent when they failed to post "wet floor signs," Plaintiff's negligence allegations do not give rise to a constitutional violation and are insufficient to state a claim under section 1983. *See Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991); *see also Martin v. City of New York*, No. 11 Civ. 600, 2012 WL 1396248, at *10 (S.D.N.Y. April 20, 2012) (dismissing the plaintiff's constitutional claims based upon the allegation that the defendant was negligent in failing to post wet floor signs).

### 2. Deliberate Indifference to Serious Medical Needs

The law related to the Eighth Amendment medical claims was discussed in the June Order and will not be restated herein. *See* Dkt. No. 7 at 6-9. In the June Order, the Court held that Plaintiff failed to plead facts suggesting that he suffered from a serious medical need. *See id.* at 8. In the Amended Complaint, Plaintiff claims that he suffered from a herniated disk, nerve damage, a torn meniscus, ACL, and MCL. See Dkt. No. 10-1 at 1-2. Even assuming that Plaintiff adequately plead a serious medical condition, to sufficiently plead an Eighth Amendment violation, Plaintiff must allege facts suggesting that Dippert acted with the necessary culpable state of mind.

In the June Order, the Court addressed the subjective prong of the Eighth Amendment analysis and held:

> Plaintiff claims that his sick call requests were ignored and he was denied medical treatment and physical therapy for six to ten months. *See* Compl. at 4-5. The complaint however, lacks facts describing when plaintiff sought treatment, to whom the request was made, or the nature/need of any medical requests.

7

> *See Kee v. Hasty*, No. 01 Civ. 2123, 2004 WL 807071, at *29 (S.D.N.Y. April 14, 2004) (holding that the plaintiff's Eighth Amendment claims were overly conclusory because the inmate failed to specify the dates on which he was denied proper treatment, the nature of his needs on those dates, and the nature of the treatment that was purportedly denied by the defendants). Moreover, plaintiff does not allege that his back and leg pain were life-threatening or fast-degenerating.
>
> Plaintiff also alleges that he was "improperly treated." *See* Compl. at 4. Plaintiff however, admits that he received x-rays, MRIs, a wheelchair, and medication. *See* Compl. at 4-5. Plaintiff's dissatisfaction with the delay in administering an MRI and the decision to prescribe Neurontin is nothing more than a quarrel with the nature of his treatment. *See Wright v. Conway*, 584 F.Supp.2d 604, 607 (W.D.N.Y. 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that he received, and these claims must therefore be dismissed."). "Inmates do not have a right to choose a specific type of treatment." *Veloz v. New York*, No. 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004). A professional decision not to administer a specific medical test, regardless of a prisoner's disagreement, is an example of the type of medical judgment that is given judicial deference. *See Curtis v. Williams*, No. 11 Civ. 1186, 2013 WL 1915447, at *7 (S.D.N.Y. May 9, 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)) ("[A] medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."); *see also Echevarria v. Canfield*, No. 12CV129A, 2014 WL 174109, at *4 (W.D.N.Y. Jan 13, 2014) (reasoning that the refusal to order an MRI of plaintiff's back does not amount to deliberate indifference).

Dkt. No. 7 at 8-9.

Despite the fact that Plaintiff was afforded the opportunity to amend his Complaint, the Amended Complaint does not cure the deficiencies in the original pleading related to this claim. The Amended Complaint lacks facts suggesting that Dippert was ever made aware of Plaintiff's complaints or that Plaintiff was treated by Dippert. Nothing in the Amended Complaint suggests that Dippert acted with culpable intent. Accordingly, Plaintiff cannot

8

maintain a § 1983 action against Dippert. For the reasons set forth herein and in the June Order, Plaintiff's Eighth Amendment claims against Dippert are dismissed.

**C.     Fourteenth Amendment**

Plaintiff alleges that Dippert discriminated against him "due to [his] conviction." Dkt. No. 10-1 at 6. The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law. Essential to that protection is the guarantee that similarly situated persons be treated equally. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination." *Myers v. Barrett*, No. 95-CV-1534 (RSP/GJD), 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997 (citation omitted). In addition, a valid equal protection claim may be brought by a "class of one," "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005).

Here, Plaintiff fails to allege any facts to suggest how he was treated any differently than a similarly situated inmate. Plaintiff's vague and conclusory allegations are insufficient to plausibly suggest an equal protection violation. *See Byng v. Delta Recovery Servs., LLC.*, No. 9:13-CV-0733 (MAD/ATB), 2013 WL 3897485, at *15, n. 5 (N.D.N.Y. July 29, 2013) (holding that Attica inmate alleged no facts in the complaint to indicate he was similarly situated to any one or that someone else was treated differently than he was); *see also Barnes v. Henderson*, 490 F. Supp. 2d 313, 318 (W.D.N.Y. 2007) (dismissing the equal

9

protection claim because the plaintiff did not identify any similarly situated inmates who were treated differently from him, "much less shown an 'extremely high' level of similarity between them"). Moreover, as discussed *supra* and in the June Order, Plaintiff has failed to allege facts to plausibly suggest that Dippert was personally involved in any constitutional violations. *See* Dkt. No. 7 at 5-6. Accordingly, Plaintiff's Fourteenth Amendment claims against Dippert are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**D.     Claims Against Cronin**

To the extent that Plaintiff suggests that Cronin is liable based upon his supervisory position, that claim is also subject to dismissal. If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d 496, 501 (2d Cir. 1994). In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the alleged constitutional violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d

Cir. 1986)).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient to allege involvement of a supervisor. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted). A complaint that essentially regurgitates the relevant "personal involvement" standard, without offering sufficient facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal. *See, e.g., Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) (vague and conclusory allegations that a supervisor has failed to properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability); *Nash v. McGinnis*, 585 F. Supp. 2d 455, 460 (W.D.N.Y. 2008) ("Although plaintiff need not plead facts in great detail, the formulaic allegation that [the Superintendent] was aware of the alleged violations and did nothing to stop them from occurring, without some factual allegations to explain the basis for that conclusion, is insufficient to render it plausible that [the Superintendent] was personally involved in the alleged constitutional deprivations."). To the extent that Plaintiff's claim against Cronin is grounded simply upon Cronin's position in the prison hierarchy, Section 1983 damages will not be imposed based upon a respondeat superior theory of liability. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Dismissal of a § 1983 claim is proper where, as here, the plaintiff does no more that allege that [defendant] was in charge of the prison.") (internal quotations omitted); *see also Wright*, 21 F.3d at 501.[4]

Moreover, absent any constitutional violation, there can be no supervisory liability.

---

[4] As the Court has dismissed the Complaint for failure to state a claim, Plaintiff's motion for an Order directing the U.S. Marshal to serve the Complaint is denied.

11

*See Murray v. Pataki*, No. 9:03–CV–1263 (LEK/RFT), 2007 WL 956941, at *7 (N.D.N.Y. Mar. 29, 2007) (finding that the plaintiff could not state a claim against a supervisor for gross negligence in his supervision of subordinates since no constitutional violation arose from the incident). Having failed to sufficiently plead any underlying constitutional violation, Plaintiff's supervisory claims against Cronin are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See Elek v. Inc. Vill. of Monroe*, 815 F.Supp.2d 801, 808 (S.D.N.Y. 2011) (collecting cases for the proposition that "because plaintiff has not established any underlying constitutional violation, she cannot state a claim for 1983 supervisory liability").

## V.     LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a Complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, Plaintiff has already been provided one opportunity to amend his Complaint. The deficiencies with his original Complaint, identified by the court in its decision, have not been cured with the Amended Complaint. Accordingly, the Court finds that any further amendment would be futile.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall amend the docket report in accordance with this Order; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: September 6, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge